IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FL

CINDY NADLER and ANN CALHOUN,                    CASE NO.:

        Plaintiff,

    vs.

WALMART, INC, d/b/a STORE #2151,

        Defendant.

_____/

## SUMMONS

TO:    **WALMART, INC, d/b/a STORE #2151**
       **c/o C T CORPORATION SYSTEM, as a registered agent for WALMART, INC, d/b/a**
       **STORE #2151**
       **1200 SOUTH PINE ISLAND ROAD**
       **PLANTATION, FL 33324**

## IMPORTANT

**A lawsuit has been filed against you. You have twenty (20) calendar days after this summons is served on you to file a written response to the attached complaint with the Clerk of this Court. A phone call will not protect you. Your written response, including the case number given above and the names of the** parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you chose to file a written response, yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

LAW OFFICE OF SABAN & SOLOMON
150 N. University Drive., Suite 200
Plantation, Florida 33324
P: (954) 577-2878
F: (877) 305-7246

## "EXHIBIT A"

THE STATE OF FLORIDA:

TO EACH SHERIFF OF THE STATE: You are commended to serve this Summons and a copy of the Complaint, Notice of Propounding Interrogatories and Request for Production in this lawsuit on the above named Defendant.

DATED ON: _____, 2021.

APR 05 2021       CLERK OF THE CIRCUIT COURT

BY:_____

DEPUTY CL

**IMPORTANTE**

BRENDA D. FORMAN

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder elcaso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su ceuenta, al mismo tiempo enque presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

**IMPORTANT**

Des poursuites judicares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une response ecrote a; aomte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuddisant pur vous proteger. Vour etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous ne deposez pas votre reponse ecrite dans le relair requis, vous risquez de perde la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en m;memetemps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat nomme ci-dessou).

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY, FL

CINDY NADLER and ANN CALHOUN,                CASE NO.:

       Plaintiff,

   vs.

WALMART, INC, d/b/a STORE #2151,

       Defendant.

_____/

## COMPLAINT

Plaintiffs, CINDY NADLER and ANN CALHOUN, by and through their undersigned

attorney, hereby file this Complaint, sue the Defendant, WALMART, INC, d/b/a STORE #2151,

and in support thereof states as follows:

### GENERAL ALLEGATIONS

1.    This is an action for damages in excess of THIRTY THOUSAND DOLLARS

      ($30,000.00) excluding costs.

2.    That at all times material hereto, Plaintiff, CINDY NADLER, was over eighteen (18)

      years of age and a resident of Broward County, Florida, and is otherwise sui juris.

3.    That at all times material hereto, Plaintiff, ANN CALHOUN, was over eighteen (18)

      years of age and a resident of Broward County, Florida, and is otherwise sui juris.

4.    That at all times material hereto, the Defendant, WALMART, INC, d/b/a STORE

      #2151, was and is a foreign profit corporation, organized and existing under the laws

      of the State of Florida, which has in the past and continues to engage in substantial

and not isolated business activity on a continuous and systematic basis in the State of Florida.

5.      That at all times material hereto, Defendant, WALMART, INC, d/b/a STORE #2151, owned, controlled, managed, and/or maintained the premises known as Walmart store located at the following address: 12555 W Sunrise Blvd, Sunrise, FL 33323, including the parking lot area surrounding it ("subject premises").

6.      That at all times material hereto, including January 23, 2019, Plaintiffs were lawful invitees of the subject premises.

7.      That on or about January 23, 2019, and at all times material hereto, Defendant, WALMART, INC, d/b/a STORE #2151, was responsible for the maintenance, control and security of the subject premises and security and protection for the invitees of the subject premises by employing security personnel and maintaining control over all entrances to the subject premises, access to the subject premises, and parking areas within the subject premises.

8.      By failing to implement reasonable safety and/or security measures, Defendant created and/or allowed a foreseeable zone of risk posing a general threat of harm toward invitees of the subject premises, including the Plaintiff.

9.      Defendant's actions and omissions created a foreseeable risk of harm to invitees of the subject premises, and the risk was either created or tolerated by Defendant, and Defendant could have remedied the danger but failed to do so.

10.     That on or about January 23, 2019, because of the Defendant's failure to provide adequate security at the subject premises, the Plaintiffs were attacked, physically struck, and assaulted by another invitee at the parking lot area of the subject premises.

## COUNT I – NEGLIGENCE
## CINDY NADLER v. WALMART, INC, d/b/a STORE #2151

Plaintiff, CINDY NADLER, reaffirms and re-alleges each and every allegation contained in paragraphs 1 through 10 as if they were fully set forth herein, and further states:

11.    The attack on the Plaintiff, CINDY NADLER, was reasonably foreseeable to the Defendant, WALMART, INC, d/b/a STORE #2151, as a result of the following:

    A.   The Defendant knew, or in the exercise of reasonable care should have known, that the subject premises and the area immediately surrounding its premises had a high crime rate, including assaults, batteries, robberies, and other violent crimes, that there had been previous similar criminal acts and attacks perpetuated on the public and in said areas, and/or that such criminal acts and attacks were reasonably likely to be perpetuated on invitees unless the Defendant took reasonable steps to provide proper security for such individuals.

    B.   The Defendant had actual or constructive notice or knowledge of a history of criminal activity against persons in and about the subject premises prior to the subject incident making the likelihood of the subject attack on Plaintiff reasonably foreseeable.

    C.   The Defendant knew, or in the exercise of reasonable care, should have known, that no individual, including the Plaintiff, had it within their own power to take the measures necessary to provide for their own security on the subject premises, and that the Defendant was in the best position to take reasonable and necessary measures to prevent and/or deter such criminal acts.

D.    The Defendant knew or should have recognized that any security measures implemented at the time of the subject incident were insufficient or improperly deployed.

E.    The Defendant knew or should have known that inadequate security measures would increase the likelihood of criminal activity that would endanger individuals and lawful invitees on the subject premises, including the Plaintiff.

12.    Because the attack of the Plaintiff was reasonably foreseeable, the Defendant owed a duty to the public, including the Plaintiff, to exercise reasonable care to keep and maintain the subject premises in a condition reasonably safe for the use of its invitees. In particular, the Defendant had a duty to take precautions and security measures as were reasonably necessary to protect its invitees from criminal attacks which were reasonably foreseeable.

13.    The Defendant breached its duty owed to the Plaintiff in one of the following ways:

A.    By failing to properly and adequately maintain the subject premises in a reasonably safe condition by failing to have on the premises adequate security personnel who were patrolling or stationed throughout the subject premises at the time the subject incident occurred, that is to provide for the reasonable safety of invitees while on the subject premises.

B.    By failing to properly and adequately warn Plaintiff of the dangerous condition, which existed due to the Defendant's failure to protect its invitees while on and about its premises.

C.    By failing to properly and adequately police, patrol, guard or otherwise inspect the subject premises to eliminate the likelihood of disorderly conduct

and/or criminal activity by third persons in general and that existed due to Defendant's failure to protect its invitees while on and about the subject premises.

D.      By failing to properly and adequately deploy security personnel to protect its business invitees while on and about the subject premises.

E.      By  failing to  properly and adequately train and supervise its  security personnel to protect its invitees while on and about its premises.

F. By failing to hire and/or retain competent security guards to protect its invitees, including the Plaintiff.

G.      By failing to have a sufficient number of security personnel or security presence in visible areas to deter crime and thereby protect invitees of the subject premises.

H.      By failing to have an adequate number of security guards to protect its invitees, including the Plaintiff.

I.       By failing to take additional security measures after being put on notice that security measures in force were inadequate.

J.       By failing to reasonably and effectively utilize available security devises.

K.      By failing to implement adequate security policies, security measures, and security procedures necessary to protect its invitees, including the Plaintiff.

L.      By failing to have adequate number of security cameras at the subject premises, where the instant incident occurred.

M.      By failing to position surveillance cameras in appropriate locations at the subject premises, so that the subject premises are adequately visually monitored and/or said cameras would act as a deterrent against criminal activity.

N.   Failing to maintain surveillance cameras in working condition such that every camera was able to monitor and record activity in its line of view.

O.   Failing to adequately provide an overall security plan which would meet the known industry standards and customs for safety in the community.

14.   As a result of the Defendant's negligence, the Plaintiff, CINDY NADLER, was injured in and about her body and extremities and/or aggravated a pre-existing condition; suffered pain therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered loss of income in the past and will do so in the future, suffered loss for the capacity for the enjoyment of life in the past and the future; and incurred medical expenses for the care and treatment of her injuries. Said injuries are permanent and are continuing in nature, and Plaintiff will continue to suffer these losses and impairments in the future.

WHEREFORE the Plaintiff, CINDY NADLER, demands a judgment against the Defendant, WALMART, INC, d/b/a STORE #2151, in an amount in excess of THIRTY THOUSAND DOLLARS ($30,000.00), plus costs, and Plaintiff further demands trial by jury of all issues so triable as matter of right.

## COUNT II – NEGLIGENCE
### ANN CALHOUN v. WALMART, INC, d/b/a STORE #2151

Plaintiff, ANN CALHOUN, reaffirms and re-alleges each and every allegation contained in paragraphs 1 through 10 as if they were fully set forth herein, and further states:

15.   The attack on the Plaintiff, ANN CALHOUN, was reasonably foreseeable to the Defendant, WALMART, INC, d/b/a STORE #2151, as a result of the following:

A.   The Defendant knew, or in the exercise of reasonable care should have known, that the subject premises and the area immediately surrounding its premises had a high crime rate, including assaults, batteries, robberies, and

other violent crimes, that there had been previous similar criminal acts and attacks perpetuated on the public and in said areas, and/or that such criminal acts and attacks were reasonably likely to be perpetuated on invitees unless the Defendant took reasonable steps to provide proper security for such individuals.

B.    The Defendant had actual or constructive notice or knowledge of a history of criminal activity against persons in and about the subject premises prior to the subject incident making the likelihood of the subject attack on Plaintiff reasonably foreseeable.

C.    The Defendant knew, or in the exercise of reasonable care, should have known, that no individual, including the Plaintiff, had it within their own power to take the measures necessary to provide for their own security on the subject premises, and that the Defendant was in the best position to take reasonable and necessary measures to prevent and/or deter such criminal acts.

D.    The Defendant knew or should have recognized that any security measures implemented at the time of the subject incident were insufficient or improperly deployed.

E.    The Defendant knew or should have known that inadequate security measures would increase the likelihood of criminal activity that would endanger individuals and lawful invitees on the subject premises, including the Plaintiff.

11.    Because the attack of the Plaintiff was reasonably foreseeable, the Defendant owed a duty

to the public, including the Plaintiff, to exercise reasonable care to keep and maintain the

subject premises in a condition reasonably safe for the use of its invitees. In particular,

the Defendant had a duty to take precautions and security measures as were reasonably

necessary to protect its invitees from criminal attacks which were reasonably foreseeable.

12.    The Defendant breached its duty owed to the Plaintiff in one of the following ways:

A.    By failing to properly and adequately maintain the subject premises

in a reasonably safe condition by failing to have on the premises adequate

security personnel who were patrolling or stationed throughout the subject

premises at the time the subject incident occurred, that is to provide for the

reasonable safety of invitees while on the subject premises.

B.    By failing to properly and adequately warn Plaintiff of the dangerous

condition, which existed due to the Defendant's failure to protect its invitees

while on and about its premises.

C.    By failing to properly and adequately police, patrol, guard or otherwise

inspect the subject premises to eliminate the likelihood of disorderly conduct

and/or criminal activity by third persons in general and that existed due to

Defendant's failure to protect its invitees while on and about the subject premises.

D.    By failing to properly and adequately deploy security personnel to protect

its business invitees while on and about the subject premises.

E.    By failing to properly and adequately train and supervise its security

personnel to protect its invitees while on and about its premises.

F. By failing to hire and/or retain competent security guards to protect its invitees, including the Plaintiff.

G. By failing to have a sufficient number of security personnel or security presence in visible areas to deter crime and thereby protect invitees of the subject premises.

H. By failing to have an adequate number of security guards to protect its invitees, including the Plaintiff.

I. By failing to take additional security measures after being put on notice that security measures in force were inadequate.

J. By failing to reasonably and effectively utilize available security devises.

K. By failing to implement adequate security policies, security measures, and security procedures necessary to protect its invitees, including the Plaintiff.

L. By failing to have adequate number of security cameras at the subject premises, where the instant incident occurred.

M. By failing to position surveillance cameras in appropriate locations at the subject premises, so that the subject premises are adequately visually monitored and/or said cameras would act as a deterrent against criminal activity.

N. Failing to maintain surveillance cameras in working condition such that every camera was able to monitor and record activity in its line of view.

O. Failing to adequately provide an overall security plan which would meet the known industry standards and customs for safety in the community.

13. As a result of the Defendant's negligence, the Plaintiff, ANN CALHOUN, was injured in and about her body and extremities and/or aggravated a pre-existing condition; suffered pain

therefrom; suffered physical handicap; suffered disfigurement; suffered mental pain and suffering; suffered loss of income in the past and will do so in the future, suffered loss for the capacity for the enjoyment of life in the past and the future; and incurred medical expenses for the care and treatment of her injuries.  Said injuries are permanent and are continuing in nature, and Plaintiff will continue to suffer these losses and impairments in the future.

WHEREFORE the Plaintiff, ANN CALHOUN, demands a judgment against the Defendant, WALMART, INC, d/b/a STORE #2151, in an amount in excess of THIRTY THOUSAND DOLLARS ($30,000.00), plus costs, and Plaintiff further demands trial by jury of all issues so triable as matter of right.

LAW OFFICE OF SABAN & SOLOMON
150 N. University Dr., Suite 200
Plantation, Florida 33324
P: (954) 577-2878
F: (954) 577-2215

*s/ Robert Solomon*

_____
ROBERT C. SOLOMON, ESQ.
FBN: 27054